UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD D. HESTLE,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

_____/

CIVIL CASE NO. 05-40245
CRIM. CASE NO. 02-50030

HONORABLE PAUL V. GADOLA
U.S. DISTRICT JUDGE

**ORDER DENYING "MOTION PURSUANT TO FED. R. CIV. P. 59(e)"**

Before the Court is Petitioner's pro se "motion pursuant to Fed. R. Civ. P. 59(e)," accepted for filing on August 15, 2005. Federal Rule of Civil Procedure 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Through his motion, Petitioner seeks to reconsider this Court's August 4, 2005 order which denied his request for transcripts. Since that order was not a "judgment," rule 59(e) is inapplicable. Instead, since the motion clearly requests that the Court reconsider its order regarding transcripts, the Court will construe the motion as a motion for reconsideration brought under Local Rule 7.1(g) for the Eastern District of Michigan.

To succeed on a motion for reconsideration "[t]he movant must not only demonstrate a palpable defect by which the court and the

parties have been misled but also must show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local R. 7.1(g)(3). A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." United States v. Cican, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001) (Gadola, J.). 7.1(g)(3). Moreover, "the [C]ourt will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the [C]ourt, either expressly or by reasonable implication." E.D. Mich. Local R. 7.1(g)(3).

In his present motion, Petitioner cites to various cases addressing requests for transcripts. Those cases, however, do not address requests for transcripts in the context of a motion to vacate sentence under 28 U.S.C. § 2255. The cases are therefore distinguishable and not grounds for reconsideration.

The Court reiterates that the Sixth Circuit has held that "a defendant does not have a constitutional right to a free transcript in a § 2255 proceeding." United States v. Fullerton, No. 00-3638, 2000 U.S. App. LEXIS 33871 at *2-3 (6th Cir. Dec. 19, 2000) (citing 28 U.S.C. § 753(f); United States v. MacCollom, 426 U.S. 317, 325-27 (1976) (plurality); Sistrunk v. United States, 992 F.2d 258, 259 (10th Cir. 1993)). Congress has stated that:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the

> United States out of money appropriated for that purpose **if** the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f) (emphasis added). In the order that Petitioner seeks to reconsider, the Court reviewed the filings to date and was not convinced that a transcript "is needed to decide the issue presented." Id. The Court noted that Petitioner had not yet filed a brief, and still has not filed a brief, regarding his claims from which the Court could determine if such transcripts would be warranted. The Court provided time for Defendant to file a brief and noted that it would reconsider the need for transcripts on its own at a later date, after the briefing has been filed.

The Court does not identify any obvious, clear, unmistakable, manifest, or plain defects in the Court's order. Additionally, the Court determines that correcting any alleged defect would not result in a different disposition of the case. Consequently, the standard required to grant a motion for reconsideration has not been met.

Furthermore, it appears to this Court that the Plaintiff's argument presents the same issues already ruled upon by the Court. Plaintiff's argument essentially expresses a disagreement with the Court's order of August 4, 2005. A motion for reconsideration predicated on such an argument is an insufficient ground to grant

reconsideration.  See E.D. Mich. Local R. 7.1(g)(3). Consequently, the Court will deny Plaintiff's motion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion for reconsideration of the Court's order denying transcripts [docket entry 77] is **DENIED.**

**SO ORDERED.**

Dated: August 16, 2005        s/Paul V. Gadola
                              HONORABLE PAUL V. GADOLA
                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 16, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                         Mark C. Jones                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                    Gerald D. Hestle                   .

                              s/Ruth A. Brissaud
                              Ruth A. Brissaud, Case Manager
                              (810) 341-7845