UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD D. HESTLE,

    PETITIONER,

VS.                                        CIVIL NO.: 05-40245
                                              CRIM NO.: 02-50030

                                              HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,        MAG. JUDGE STEVEN D. PEPE

    RESPONDENT.
_____/

ORDER REGARDING GOVERNMENT'S MOTION FO CLARIFICATION AND
REGARDING PETITIONER'S § 2255 MOTION

    On October 5, 2006, Magistrate Judge Wallace Capel, Jr., entered an order of evidentiary hearing on "Petitioner's Ineffective Assistance of Counsel Issue" (Dkt. #88).  The Government on October 26, 2006, (Dkt. #89) filed a Motion for Clarification on the October 5, 2006 Order.  This was, in effect, a motion for reconsideration of the order to determine what, if any, issues involving ineffective assistance of Counsel warrant an evidentiary hearing.

    This § 2255 petition has been reassigned to the undersigned for Report and Recommendation.  Having reviewed the Government's motion, it is determined that Petitioner's first issue, and his third issue and fifth issue, asserting ineffective assistance of trial or appellate counsel, can be resolved without an evidentiary hearing, notwithstanding Petitioner's assertion on these claim that his defense counsel either ignored instructions from Petitioner and/or "cut-off all communications with Petitioner."  Petitioner's Fourth asserted ground for relief is

Prosecutorial Misconduct and does not involve an ineffective assistance of counsel claim.  Thus, it is surmised that Judge Capel sought evidence on the second claim regarding Petitioner's claim that his trial counsel failed to call his brother, Cedric Hestle, to testify in Petitioner's favor that the "drugs recovered from 20033 Ferris Ave., Flint, Mich[.] were his and not Petitioner's. See Exhibit - B."  (Dkt. #81, Petitioner's September 12, 2006, Memorandum of Law, at p. 5).

The Government notes, and the Court record confirms, that there was no "Exhibit - B" attached to Petitioner's memorandum to support his contention concerning the testimony Cedric Hestle might have given or his willingness to testify if he still retained Fifth Amendment rights concerning his involvement in the charges of the Indictment naming both him and Petitioner.

Thus, IT IS ORDERED that on or before January 5, 2007, Petitioner provide the Court and counsel for the Government a copy of "Exhibit - B" or such other proffers of proof on these issues or risk a denial of this claim for lack of supporting evidence that the evidence was likely of sufficient benefit to Petitioner that it would demonstrate counsel's performance was deficient in not calling Cedric Hestle and that Petitioner was prejudiced.  This requires showing that counsel made errors so serious that for a defense counsel not to call Cedric Hestle as a defense witness would demonstrate that attorney was making "errors so serious that counsel not functioning as the 'counsel' guaranteed by the Sixth Amendment" and that exclusion of this evidence  creates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . . [i.e.]  a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. 668, 687 and 694 (1984).  Petitioner may file his supplemental exhibit in the form of a declaration by Cedric

Hestle under 28 U.S.C. § 1746,[1] in the event a notary public is not readily available to Cedric Hestle.

The Government in its sentencing letter of August 27, 2002, refers to attachment 9 which is a statement of Cedric Hestle (who pled guilty to both counts of the indictment with a cooperation agreement) that the Government asserts implicates Petitioner in possessing the firearms (Dkt. #33, Letter by Plaintiff USA, to Nichole A. Collins, U.S. Probation Officer, dated August 27, 2002, at pp. 2-3 and note 4). Upon the undersigned's review of the attachment, it does in fact implicate Petitioner as to the packaging and selling of drugs. However, undersigned's portion of attachment 9 appears to be missing page 2 of 2 of Cedric Hestle's signed Affidavit. If available, the government is ORDERED to produce the second page of attachment 9.

Also potentially relevant to the issue of the alleged exculpatory nature of Cedric Hestle's potential testimony, and thus potentially relevant to the necessity of an evidentiary hearing on this matter, are the sealed docket entries #16 and #19 which are probably Cedric Hestle' plea and plea agreement. Both sides are given until December 29 to object and show cause why the undersigned should not unseal these items for an *in camera* review concerning their potential relevance to the Petitioner's § 2255 motion and/or the need for an evidentiary hearing thereon.

---

[1] 28 U.S.C. § 1746 provides that such a declaration take the following form:

(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
      (Signature)".
(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
      (Signature)".

Such an *in camera* inspection will not result in any public disclosure of the contents thereof without the Government being able to assert – in *ex parte* manner if required – that there is a continuing justification for continued sealing of any potentially relevant portions of these docket items.

**SO ORDERED**.

Dated: December 12, 2006                                                     s/Steven D. Pepe
Flint, Michigan                                                             United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I hereby certify that on December 12, 2006, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Mark C. Jones, David A. Koelzer, Randall P. Upshaw, and I hereby certify that I have mailed United States Postal Service the paper to the following non-ECF participants: Gerald Devaughn Hestle, #30023-039, U.S.P. Big Sandy, P.O. Box, Inez, KY 41224.

                                                      s/ James P. Peltier
                                                      James P. Peltier
                                                      Courtroom Deputy Clerk
                                                      U.S. District Court
                                                      600 Church St.
                                                      Flint, MI 48502
                                                      810-341-7850
                                                      pete_peliter@mied.uscourts.gov