UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gerald D. Hestle,

    Petitioner,

v.                                                Civil No. 05-40245
                                               Crim No. 02-50030

United States of America,

                                               Honorable Sean F. Cox
    Respondent.                           Honorable Steven D. Pepe

_____/

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY

This matter is currently before the Court for a decision as to whether the Court should grant or deny a certificate of appealability to Defendant Gerald D. Hestle ("Hestle"). For the reasons set forth below, the Court shall DENY a certificate of appealability.

BACKGROUND

Following a jury trial before the Honorable Paul V. Gadola, Defendant Gerald D. Hestle ("Hestle") was found guilty of one count of possession with intent to distribute fifty or more grams of cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Hestle to life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) based upon Hestle's two prior felony drug convictions.

Hestle appealed his conviction and the United States Court of Appeals for the Sixth Circuit affirmed his conviction in an Opinion issued on August 9, 2004. (Docket Entry No. 65). On August 1, 2005, Hestle filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (the "§ 2255 Motion").

1

On August 26, 2005, Judge Gadola referred the § 2255 Motion to Magistrate Judge R. Steven Whalen for a report and recommendation pursuant to 28 U.S.C. § 636(B)(1)(B). (Docket Entry No. 79). On September 13, 2005, Judge Gadola issued an amended order that vacated the referral to Magistrate Judge Whalen and referred the § 2255 Motion to Magistrate Judge Wallace Capel, Jr. (Docket Entry No. 82). On November 29, 2006, "Notice to Counsel Regarding Reassignment of Magistrate Judge" was issued by the Clerk of the Court advising that, pursuant to an administrative order, the § 2255 Motion was being reassigned from Magistrate Judge Capel to Magistrate Judge Steven Pepe.

On May 30, 2007, Magistrate Judge Pepe issued a Report and Recommendation ("R&R") in which he recommended that the § 2255 Motion be denied. (Docket Entry No. 98).

On November 2, 2007, Judge Gadola issued an "Order Accepting and Adopting the Magistrate Judge's Report and Recommendation." (Docket Entry No. 103).

On November 28, 2007, Hestle filed a timely Notice of Appeal, appealing Judge Gadola's Order accepting the R&R. (Docket Entry No. 105). In a letter dated February 26, 2008, Case Manager Roy G. Ford from the United States Court of Appeals for the Sixth Circuit requested that the district court issue an order either granting or denying a certificate of appealability in this matter. (Docket Entry No. 109).

On June 11, 2008, this matter was reassigned from Judge Gadola to this Court.

ANALYSIS

A certificate of appealability must issue before a petitioner such as Hestle may appeal the district Court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B). FED. R. APP. P. 22(b). Where, as here, an applicant files a notice of appeal, "the district judge who rendered the

judgment must either issue a certificate of appealability or state why a certificate of appealability should not issue." FED. R. APP. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Court has more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

Here, Hestle's § 2255 Motion raised five arguments, one equal protection argument and four ineffective of assistance of counsel arguments. After careful consideration, the Court concludes that reasonable jurists would not find the Court's assessment of Hestle's claims debatable or wrong.

Accordingly, the Court ORDERS that Hestle is not entitled to a certificate of

appealability.

       IT IS SO ORDERED.

                                          S/ Sean F. Cox
                                          United States District Judge

Date: June 16, 2008

I hereby certify that on June 16, 2008, a copy of the foregoing document was served upon counsel of record by electronic means and by First Class Mail upon:

Gerald Devaughn Hestle
30023-039
U.S.P. Big Sandy
P.O. Box 2068
Inez, KY 41224

                                          S/ J. Hernandez
                                          Case Manager